UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS MAGISTRATE JUDGE _Bowler_

)
STEVEN EYKELHOFF                    04  10056 JLT
    Plaintiff
                                    F I L E D Civil Action
V.                                  Clerk's Office
                                    USDC, Mass.
                                    Date 1/9/04  No. _____ N/A
WOODS HOLE OCEANOGRAPHIC    Deputy Clerk    SUMMONS ISSUED _yes_
INSTITUTION                         )              LOCAL RULE 4.1 ___
    Defendant                       )              WAIVER FORM _____
                                    )              MCF ISSUED _____
                                                        1/9/04  PDM

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff in the above-entitled matter and for his complaint states:

General Factual Allegations

1.    The Plaintiff, Steven Eykelhoff, is a resident of Litchfield, State of Connecticut.

2.    The Defendant, Woods Hole Oceanographic Institution, is a corporation, duly

organized and existing under the laws of the Commonwealth of Massachusetts.

3.    On or about August 8, 2002, the Defendant, Woods Hole Oceanographic

Institution, was doing business within the Commonwealth of Massachusetts.

4.    On or about August 8, 2002, the Plaintiff, Steven Eykelhoff, was employed by the

Defendant, Woods Hole Oceanographic Institution

5.    On or about August 8, 2002, the Plaintiff, Steven Eykelhoff, was employed by the

Defendant, Woods Hole Oceanographic Institution, as a seaman, and a member of the crew of

the R/V OCEANUS.

6.    On or about August 8, 2002, the Defendant, Woods Hole Oceanographic

Institution, owned the R/V OCEANUS.

7.    The Defendant, Woods Hole Oceanographic Institution, chartered the R/V OCEANUS from some other person or entity such that on or about August 8, 2002 the Defendant, Woods Hole Oceanographic Institution was the owner pro hac vice of the R/V OCEANUS.

8.    On or about August 8, 2002, the Defendant, Woods Hole Oceanographic Institution, operated the R/V OCEANUS.

9.    On or about August 8, 2002, the Defendant, Woods Hole Oceanographic Institution, or the Defendant's agents, servants, and/or employees, controlled the R/V OCEANUS.

10.    On or about August 8, 2002, the R/V OCEANUS was in navigable waters.

11.    On or about August 8, 2002, while in the in the performance of his duties in the service of the R/V OCEANUS, the Plaintiff, Steven Eykelhoff, sustained personal injuries.

12.    Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff, Steven Eykelhoff, was exercising due care.

Jurisdiction

13. This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C., §688 et. seq.

14.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, 28 U.S.C. §1332, and 28 U.S.C. §1333.

## COUNT I

### Steven Eykelhoff v. Woods Hole Oceanographic Institution

#### (JONES ACT NEGLIGENCE)

15.     The Plaintiff, Steven Eykelhoff, reiterates the allegations set forth in paragraphs 1 through 14 above.

16.     The personal injuries sustained by the Plaintiff, Steven Eykelhoff, were not caused by any fault on his part but were caused by the negligence of the Defendant, its agents, servants and/or employees.

17.     As a result of said injuries, the Plaintiff, Steven Eykelhoff, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

18.     This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, Steven Eykelhoff, demands judgment against the Defendant, Woods Hole Oceanographic Institution, in the amount of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00) together with interest and costs.

## COUNT II

### Steven Eykelhoff v. Woods Hole Oceanographic Institution

#### (GENERAL MARITIME LAW - UNSEAWORTHINESS)

19.     The Plaintiff, Steven Eykelhoff, reiterates the allegations set forth in paragraphs 1

3

through 14 above.

20.     The personal injuries sustained by the Plaintiff, Steven Eykelhoff, were due to no fault of his, but were caused by the Unseaworthiness of the R/V OCEANUS.

21.     As a result of said injuries, the Plaintiff, Steven Eykelhoff has, suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

22.     This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the Plaintiff, Steven Eykelhoff, demands judgment against the Defendant, Woods Hole Oceanographic Institution, in the amount of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00), together with interest and costs.

## COUNT III

### Steven Eykelhoff v. Woods Hole Oceanographic Institution

### (GENERAL MARITIME LAW - MAINTENANCE and CURE)

23.     The Plaintiff, Steven Eykelhoff, reiterates all of the allegations set forth in Paragraphs 1 through 14 above.

24.     As a result of the personal injuries described in paragraph 11 above, the Plaintiff, Steven Eykelhoff, has incurred and will continue to incur expenses for his maintenance and cure.

WHEREFORE, the Plaintiff, Steven Eykelhoff, demands judgment against the Defendant, Woods Hole Oceanographic Institution, in the amount of FIFTY THOUSAND DOLLARS ($50,000.00) for maintenance and cure, together with costs and interest.

4

## COUNT IV

### Steven Eykelhoff vs. Woods Hole Oceanographic Institution

#### (GENERAL MARITIME LAW/JONES ACT - INTENTIONAL/NEGLIGENT FAILURE TO PROVIDE MAINTENANCE and CURE)

25.    The Plaintiff, Steven Eykelhoff, reiterates the allegations set forth in paragraphs 1 through 14 above.

26.    As a result of the personal injuries described in paragraph 11 above, the Plaintiff, Steven Eykelhoff, has incurred and will continue to incur expenses for his maintenance and cure.

27.    The Plaintiff, Steven Eykelhoff, has made demand upon the Defendant, Woods Hole Oceanographic Institution, for the provision of maintenance and cure.

28.    The Defendant, Woods Hole Oceanographic Institution, has negligently, willfully, arbitrarily, and/or unreasonably failed to provide the Plaintiff with maintenance and cure in a timely and adequate manner.

29.    As a result of the Defendant's failure to provide the Plaintiff maintenance and cure, the Plaintiff has sustained and will continue to sustain damages, including without limitation, pain of body and anguish of mind, lost time from his usual work and pursuits, medical and hospital expenses, attorneys fees, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, Steven Eykelhoff, demands judgment against the Defendant, Woods Hole Oceanographic Institution, in the amount of ONE HUNDRED THOUSAND DOLLARS ($100,000.00), as compensatory damages for failure to pay

maintenance and cure, together with costs, interest, and reasonable attorneys fees.


PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES

RAISED IN COUNTS, I, II, III AND IV.


Respectfully submitted for the
the Plaintiff, Steven Eykelhoff,
by his attorney,


Carolyn M. Latti
BBO #567394
LATTI & ANDERSON LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000

Dated: 1-8-04

6

(Rev. 12/96)

The JS-44 civil cover sheet and the information _____ained herein neither replace nor supplement the fili___ and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Steven Eykelhoff

## DEFENDANTS

Woods Hole Oceanographic Institution

*FILED IN CLERKS OFFICE*

*2004 JAN -9 A 11: 07*

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

*DISTRICT COURT OF MASS.*

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Carolyn M. Latti, BBO 567394
Latti & Anderson LLP, 30-31
Union Wharf, Boston, MA 02109
(617) 523-1000

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers Liability | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☒ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | ☐ 871 IRS — Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

The Merchant Marine Act of 1920 commonly called the Jones Act, 46 U.S.C., Section 688 et.seq.; 28 U.S.C. Sec. 1331, 28 U.S.C., Sec. 1332 and 28 U.S.C., Sec. 1333

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**
$900,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY    None

JUDGE _____    DOCKET NUMBER _____

DATE
1-8-04

SIGNATURE OF ATTORNEY OF RECORD
*Carolyn M Latti*

FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)_____

_____Steven Eykelhoff v. Woods Hole Oceanographic Institution_____

2.  CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER

    SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___    I.      160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ___    II.     195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
                   740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

    ___  (III.)    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                   315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                   380, 385, 450, 891.

    ___    IV.     220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                   690, 810, 861-865, 870, 871, 875, 900.

    ___    V.      150, 152, 153.

3.  TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).

    _____none_____

4.  HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?_
    _____no_____

5.  DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC
    INTEREST?_____no_____
    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) _____

6.  IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28
    USC 2284?_____no_____

7.  DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER
    COUNTY) - (SEE LOCAL RULE 40.1(C)).  YES_____no_____OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN,
    HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).  YES___no_____

8.  DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE
    DISTRICT?  YES_no_____(a)     IF YES, IN WHICH SECTION DOES THE PLAINTIFF
    RESIDE?_____

9.  IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Eastern

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY
    OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION____no_____ OR
    WESTERN SECTION__no_____

(PLEASE TYPE OR PRINT)    Carolyn M. Latti, BBO #567394
ATTORNEY'S NAME_____Latti & Anderson LLP_____
                         30-31 Union Wharf
ADDRESS_____
                         Boston, MA 02109
TELEPHONE NO._____(617) 523-1000_____

(Category.frm - 09/92)